**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and MOTOWN RECORD COMPANY, L.P., a California limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>Denise Sepe-vukic (aka Denise Diprete) (aka Denise Vukic) (aka Denise Sepa),<br><br>Defendant. | Civil No. CA 07-003S<br><br>Magistrate Lincoln D. Almond |

**ELEMENTS OF PLAINTIFFS' CLAIMS**

Plaintiffs Capitol Records, Inc., *et al.* ("Plaintiffs"), pursuant to this Court's Notice of March 5, 2007, respectfully submit the following statement enumerating the elements of Plaintiffs' claim for copyright infringement:

The Copyright Act grants the copyright owner of a sound recording the exclusive rights to, among other things, "reproduce the copyrighted work in copies or phonorecords" and "distribute copies or phonorecords of the copyrighted work to the public." 17 U.S.C. § 106(1) and (3). In order to prevail in their claim for copyright infringement against Ms. Sepe-Vukic, Plaintiffs must prove (1) that they own the copyrights in the sound recordings at issue (see Exhibits A and B to the Complaint) and (2) that Ms. Sepe-Vukic copied or distributed those copyrighted sound recordings. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (U.S. 1991); 4 M. & D.

Nimmer, NIMMER ON COPYRIGHT § 13.01, at 13-5 & n.4 (2002) ("Nimmer") ("Reduced to most fundamental terms, there are only two elements necessary to the Plaintiffs' case in an infringement action: ownership of the copyright by the plaintiff and copying [or public distribution or public display] by the defendant."). Plaintiffs need not, however, demonstrate Ms. Sepe-Vukic's intent to infringe, or even knowledge of infringement, in order to prove copyright infringement. Chavez v. Arte Publico Press, 204 F.3d 601, 607 (5th Cir. 2000) ("Copyright infringement actions, like those for patent infringement, ordinarily require no showing of intent to infringe.").

Respectfully Submitted,

Dated: 11 April 2007

By: /s/ James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of April, 2007, a copy of the foregoing **ELEMENTS OF PLAINTIFFS' CLAIMS** was served upon the Defendant via United States Mail as follows:

Denise Sepe-Vukic
27 Hayes St
Cranston, RI 02920-3912
*Defendant*

/s/ James E. O'Neil
James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852